UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
LOUISVILLE DIVISION

MICHAEL MILANES PEREZ     Plaintiff

v.     Civil Action No. 3:21-CV-P649-RGJ

ICE MIAMI MIGRATION     Defendant

\* \* \* \* \*

### MEMORANDUM OPINION

This matter is before the Court on initial review of Plaintiff Michael Milanes Perez's *pro se* complaint pursuant to 28 U.S.C. § 1915A. For the reasons that follow, the Court will dismiss the action.

**I.**

Plaintiff, a pretrial detainee at the Louisville Metro Department of Corrections (LMDC), filed this action on a form for filing a civil-rights action pursuant to 42 U.S.C. § 1983 or *Bivens v. Six Unknown Fed. Narcotics Agents*. [DE 1]. He names "ICE Miami Migration" as Defendant in the caption of the complaint form. In "The Defendant(s)" section of the form, Plaintiff indicates that "Defendant ICE Miami Migration is employed as Polices or Agents at Miami Migration."

As his Statement of Claims, Plaintiff alleges, "Thoses Corrupts and Delinquents put [illegible]/Introduced inside my Body by my Reptum – a Transmmissor Chip – Druging me first at Reynaldo's House at Brownsville/Texas." He further alleges, "I went to Washington University Hospital To sue Thoses Corrupts by mean The Medical Evidences, and Thoses Corrupts and Delinquents conspired with The Hospital Doctor To Manipulate The Evidences=(X-Ray) and (Somatization exams)." Plaintiff continues:

> On The first accident That Thoses Corrupts and Delinquents Drove me – also manipulated The Medical Evidences – But I can't Remember The Hospital name

Here on Louisville/KY – but I Get Photo on my facebook with my car at The Police Inpound/Jonker.  I Have Published almost Everything Thoses Corrupts and Delinquent Have Induced me and Done by second person.  Have Been paying 30/40/50.000 Dollars on The street/company I Have worke and social places That I frequently – To – Someone Fight and Hurt Me or Try To Kill me.

Now Being on/at LMDC's Building Have Been Trying The same -  Trying To Someone Delinquents Like They – fight with me and Hurt or Kill me by That 50.000 Dollars My Life Have Been Runing Risk from I arrived at The USA – and Everything it's dued To my – (Political – Academical and Personal Qualities): Those Corrupts and Delinquents Polices ICE Miami Migration Have Been Conspiring against To Me inside This – (Building=LMDC)-by mean some other corrupts system [illegible]-and Then using To The prisoners against To Me=(Organize Crime/Delito=Federal Felonies against To Me/My person/My Life/My Health and My Mental Health Too)[.]

In additional handwritten pages attached to the complaint form [DE 1-1; DE 1-2], Plaintiff makes similar allegations and explains that the "Transmimissor Chip Get The Same function That a (Satelital movil chip function = using To Inducing on my – (Limbic System/Brain = The same – (Satelital Tower Transmmition comunication)." [DE 1-2].

Plaintiff asserts a Fourteenth Amendment violation and seeks monetary and punitive damages and injunctive relief.[1]

## II.

When a prisoner initiates a civil action seeking redress from a governmental entity, officer, or employee, the trial court must review the complaint and dismiss the action, if the court determines that it is frivolous or malicious, fails to state a claim upon which relief may be granted,

---

[1] After filing the complaint, Plaintiff filed dozens of Declarations/Letters/Notices making similar assertions. Several of the filings are original newspaper articles on which Plaintiff writes his allegations in the top, bottom, and side margins, and in between columns, and some of his numerous filings are written entirely or partly in Spanish.

or seeks monetary relief from a defendant who is immune from such relief. *See* 28 U.S.C. § 1915A(b)(1) and (2).

A claim is legally frivolous when it lacks an arguable basis either in law or in fact. *Neitzke v. Williams*, 490 U.S. 319, 325 (1989). The Court may, therefore, dismiss a claim as frivolous where it is based on an indisputably meritless legal theory or where the factual contentions are clearly baseless. *Id.* at 327. "Examples of the former class are claims against which it is clear that the defendants are immune from suit . . . and claims of infringement of a legal interest which clearly does not exist[.]" *Id.* "Examples of the latter class are claims describing fantastic or delusional scenarios, claims with which federal district judges are all too familiar." *Id.* at 328; *Denton v. Hernandez*, 504 U.S. 25, 33 (1992) (indicating that an action has no arguable factual basis when the allegations are delusional or "rise to the level of the irrational or the wholly incredible"). "Unlike a dismissal for failure to state a claim, where a judge must accept all factual allegations as true," *Hill v. Lappin*, 630 F.3d 468, 471 (6th Cir. 2010) (citing *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009), "a judge does not have to accept 'fantastic or delusional' factual allegations as true in prisoner complaints that are reviewed for frivolousness." *Hill*, 630 F.3d at 471 (quoting *Neitzke*, 490 U.S. at 327-28).

Plaintiff's complaint is comprised of exactly the type of fantastic and delusional factual allegations that warrant dismissal for frivolousness. *See Burley v. Unknown Defendants*, No. 2:15-CV-143, 2015 WL 8488652, at *3 (S.D. Tex. June 19, 2015) ("Although these matters are real to Plaintiff, the allegations are so fanciful that a reasonable person would find them irrational and completely lacking any factual basis."), *report and recommendation adopted*, No. 2:15-CV-143, 2015 WL 8212681 (S.D. Tex. Dec. 7, 2015); *Abascal v. Jarkos*, 357 F. App'x 388, 390 (2d Cir.

2009) ("On its face, [plaintiff]'s contention that defendants used high-tech equipment to control his thoughts and behavior and remotely to inflict pain can be considered nothing other than fantastic or delusional."); *Best v. Kelly*, 39 F.3d 328, 330-31 (D.C. Cir. 1994) (indicating that claims that are "essentially fictitious" include those that allege "bizarre conspiracy theories, any fantastic government manipulations of their will or mind, [or] any sort of supernatural intervention").

Although this Court recognizes that *pro se* pleadings are to be held to a less stringent standard than formal pleadings drafted by lawyers, *Haines v. Kerner*, 404 U.S. 519 (1972), the duty "does not require us to conjure up unpled allegations." *McDonald v. Hall*, 610 F.2d 16, 19 (1st Cir. 1979). Additionally, this Court is not required to create a claim for Plaintiff. *Clark v. Nat'l Travelers Life Ins. Co.*, 518 F.2d 1167, 1169 (6th Cir. 1975). To do so would require the "courts to explore exhaustively all potential claims of a *pro se* plaintiff, [and] would also transform the district court from its legitimate advisory role to the improper role of an advocate seeking out the strongest arguments and most successful strategies for a party." *Beaudett v. City of Hampton*, 775 F.2d 1274, 1278 (4th Cir. 1985).

Accordingly, the Court will enter a separate Order of dismissal.

Date: May 9, 2022

Rebecca Grady Jennings, District Judge
United States District Court

cc: Plaintiff, *pro se*
A961.005